## In the Matter of William J. HARTE.

### CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Plaintiff-Appellee,

v.

### CHICAGO TITLE AND TRUST COMPANY, et al., Defendants-Appellants.

### No. 82–1775.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 17, 1982.

Decided March 2, 1983.

William J. Harte, Chicago, Ill., for defendants-appellants.

Donald R. Harris, Jenner & Block, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and ESCHBACH and POSNER, Circuit Judges.

PER CURIAM.

This disciplinary matter arose from a motion filed by Mr. William J. Harte, a member of the Illinois bar, for leave to file an appeal brief "instanter." The motion was denied by Judge Posner, in chambers, as untimely, see *Connecticut Gen'l Life Ins. Co. v. Chicago Title & Trust Co.,* 690 F.2d 115 (7th Cir.1982), and pursuant to Circuit Rule 8 a rule to show cause was issued why the appeal of Harte's client should not be dismissed. On return of the rule, we decided that dismissal would be an unsuitable penalty for a fault of the lawyer, and pursuant to Fed.R.App.Pro. 46 issued a rule to show cause to Mr. Harte why he should not be disciplined for what appeared to be a pattern on his part of noncompliance with Circuit Rule 8 governing the time for filing briefs.

Our investigation has shown and Mr. Harte does not deny that he has fallen into a pattern of noncompliance with Rule 8. Mr. Harte is a successful and very busy practitioner who until recently was working by himself and trying, not with complete success, to juggle his various court appearances to avoid defaulting on any. Apparently he put his commitments to this court last. The problem of court delay is due in part to the reluctance of lawyers to relinquish business to other lawyers. Such reluctance while natural is unprofessional and deserves censure.

Mr. Harte's defense of his repeated failures to comply with the time limits in Circuit Rule 8 is that many other lawyers do likewise and that this court has been lax in disciplining them. While there have indeed been frequent violations of Circuit Rule 8, Mr. Harte is the most frequent and serious violator to have been brought to our attention.

Although this court has the power under Appellate Rule 46 to fine and suspend lawyers for "conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court," Rule 46(c), we do not think a drastic sanction is necessary in this case. Mr. Harte is as we have said a successful practitioner who undoubtedly values his reputation highly. We think a public reprimand—which we hereby impose—will be sufficient punishment and example to others. We do not take lightly the violation of our rules and having now made clear our view of such violations we shall have no hesitation in the future in imposing heavy disciplinary sanctions on violators. But it will be enough for now to issue herewith a public reprimand to Mr. Harte for his repeated violations of Rule 8, which we trust will now cease.