**In the Matter of Michael L. PRITZKER.**

**No. D–58.**

United States Court of Appeals, Seventh Circuit.

Submitted March 22, 1985.

Decided May 17, 1985.

Published May 24, 1985.

Michael L. Pritzker, Chicago, Ill., pro se.

Before POSNER, COFFEY and FLAUM, Circuit Judges.

PER CURIAM.

Respondent Michael L. Pritzker was retained trial counsel for defendant-appellant in 84–2370, *United States v. Patterson,* an appeal docketed in this court on August 13, 1984 and subsequently consolidated with the appeals of two co-defendants. Defendant-appellant's brief was originally due on September 24, 1984. The brief was not filed. On October 4, 1984, respondent, who was appointed counsel on the appeal, filed a motion for extension of time. The motion did not comply with either the five-day advance filing or affidavit requirement of Circuit Rule 8(a) and was therefore denied. On October 12, 1984, respondent filed a renewed motion, supported by an affidavit, and was granted until November 2, 1984 to file the brief. Again, the brief was not filed. On November 14, 1984, the government moved to dismiss the appeal for want of prosecution. Respondent did not respond and, on December 6, 1984, we ordered him to show cause why the appeal should not be dismissed. On December 26, 1984, respondent filed (untimely) his response, stating in general terms that he had been too busy to comply with the court's order and asking that we not punish the defendant-appellant for counsel's lack of action. The response further stated that the brief would be filed by January 2, 1985. It was not so filed. On January 10, we denied the government's motion to dismiss and ordered respondent to file the brief with the Clerk no later than 5:00 p.m. on January 24, 1985. The order further admonished respondent that failure to comply could result in disciplinary action against him. Shortly before 5:00 p.m. on January 24, respondent called directly to the chambers of a judge of this court to request an extension until the following morning. The request, although improper, was granted. The brief was not filed, however, and, on February 13, 1985, respondent's appearance in 84–2370 was stricken and substitute counsel appointed. Respondent's repeated, indeed flagrant, failure to comply with this court's rules and orders could not, however, be ignored, and he was therefore directed to show cause why he should not be fined as a sanction, pursuant to Fed.R.App.P. 46(c), for his conduct.[1] The response, filed on March 21, 1985, asserts that respondent did not want to be appointed on the appeal in the first place and that he has been afflicted with certain personal problems. We find the response inadequate for two reasons. First, none of respondent's factual assertions are supported by affidavit. Second, we are unpersuaded that any of the circumstances described justify respondent's conduct. As we have previously made clear, it is the responsibility of an attorney to manage his or her practice in a manner that permits compliance with the court's rules and orders. *See generally In the Matter of Harte,* 701 F.2d 62 (7th Cir.1983). If counsel believed either at the outset or subsequently that he could not handle the appeal, the appropriate course was to move this court for leave to withdraw and for appointment of substitute counsel, not simply to ignore the court's orders and then seek our indulgence in a disciplinary proceeding. Respondent shall be fined in the amount of $1,000.00, to be paid by certified check payable to the United States Treasury and tendered to the Clerk of this court no later than the close of business on May 31, 1985.

IT IS SO ORDERED.

---

1. Rule 46(c) provides:

A court of appeals may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court.

Respondent has not requested a hearing pursuant to Rule 46(c).