796 F.2d 935
 Mohammed EL-GHARABLI, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Edwin Meese,
Attorney General of the United States, and A.D.
Moyer, District Director of Immigration
and Naturalization Service,
Chicago Region, Respondents.
 No. 85-2278.
 United States Court of Appeals,
Seventh Circuit.
 Submitted June 4, 1986.*
Decided July 18, 1986.
 
 Richard M. Evans, Asst. Director, Office, of Immigration Litigation, Mary Reed, Washington, D.C., for respondents.
 Before WOOD, CUDAHY and COFFEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Mohammed El-Gharabli, asks us to review an immigration judge's decision not to reopen deportation proceedings. The Board of Immigration Appeals ("BIA") affirmed the judge's decision. We deny the petition for review.
 
 I.
 
 2
 El-Gharabli entered the United States in 1981 on a student visa.[1] He left college in late 1982, and in July 1983 the Immigration and Naturalization Service ("INS") ordered petitioner to show cause why he should not be deported for violating the conditions under which he was admitted to this country.
 
 
 3
 Five weeks later El-Gharabli married an American citizen. Thereafter his wife filed an immigrant visa petition,[2] and on October 27, 1983 the immigration judge granted the INS's motion to terminate deportation proceedings so that the INS could consider El-Gharabli's application for adjustment of status.[3] On December 1, 1983 petitioner's wife withdrew her immigrant visa petition, and the deportation proceedings against El-Gharabli were reinstated.
 
 
 4
 At a hearing on March 1, 1984 the petitioner (El-Gharabli) stated that he and his wife had reconciled and that his wife had filed a new immigrant visa petition. Accordingly, El-Gharabli requested another continuation of the deportation proceedings so that this second immigrant visa petition could be evaluated. The INS objected and offered the following facts to support its position. On December 1, 1983 El-Gharabli's wife told INS officials that she wanted to withdraw her petition; she said she wanted a divorce because her husband had beaten her. The INS talked to petitioner's wife again after El-Gharabli notified the INS that he would refile his wife's petition; at that time, the wife told the INS that petitioner and his counsel were harassing her and forcing her to sign the petition against her will. After hearing the INS's offer of proof the judge denied the request for a continuance and found El-Gharabli deportable, but allowed him until July 20, 1984 to leave the country voluntarily.[4]
 
 
 5
 El-Gharabli did not depart. Instead, he filed a motion to reopen the deportation proceedings on July 20, 1984, alleging that he and his wife had lived together continuously except for two days in December 1983 and that his family would suffer extreme hardship if he were deported. No affidavits or exhibits were attached to the motion.
 
 
 6
 The immigration judge denied the motion on November 16, 1984. The judge ruled that El-Gharabli (1) had not established a prima facie case of eligibility for relief under 8 U.S.C. Sec. 1255, see note 3 supra, and (2) was not entitled to discretionary relief under In re Garcia, 16 I & N Dec. 653 (1978).[5] El-Gharabli appealed to the BIA, which summarily affirmed, after petitioner failed to file a brief, and dismissed his appeal. This appeal followed.
 
 II.
 
 7
 The scope of our review is extremely narrow. We recently decided that the denial of a motion to reopen will be overturned only if it (1) was made without a rational explanation, (2) inexplicably departed from established policies, or (3) rested on an impermissible basis such as invidious discrimination against a particular race or group. Achacoso-Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir.1985).[6] The judge's decision need only be reasoned, not convincing. Id. at 1266. And although in a motion to reopen an alien must show prima facie eligibility for the relief he seeks, Diaz-Salazar v. INS, 700 F.2d 1156, 1159 (7th Cir.), cert. denied, 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983), the INS has the discretion to deny a motion to reopen even if the movant has made out a prima facie case. INS v. Rios-Pineda, 471 U.S. 444, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985). See also INS v. Phinpathya, 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 588 n. 6, 78 L.Ed.2d 401 (1984); INS v. Wang, 450 U.S. 139, 144 n. 5, 101 S.Ct. 1027, 1031 n. 5, 67 L.Ed.2d 123 (1981) (per curiam).
 
 
 8
 El-Gharabli raises two issues on appeal. The first is that the judge abused his discretion in not considering the new evidence offered. The judge explained that El-Gharabli had not offered any significant evidence which had not previously been presented. In particular, the judge noted that the motion did not explain why Mrs. El-Gharabli withdrew her first petition and provided no evidence that she filed the second petition free of duress. This was not an abuse of discretion. El-Gharabli offered these same arguments unsuccessfully in March 1984. The only "new" evidence presented in the motion to reopen was that the couple had continued to live together. This was insufficient to address the judge's concerns about circumstances surrounding the refiling of the second petition. In addition, we note that the motion to reopen did not satisfy the requirements of 8 C.F.R. Sec. 103.5: "A motion to reopen shall state the new facts to be proved at the reopened proceedings and shall be supported by affidavits or other evidentiary material."
 
 
 9
 El-Gharabli's second argument is closely related to his first. Citing Sida v. INS, 665 F.2d 851 (9th Cir.1981), he contends that the judge abused his discretion in not explaining why the evidence offered to reopen the case was insufficient.[7] First of all, the judge did explain: the evidence had been presented earlier and did not address the issues raised by the withdrawal and subsequent refiling of the immigrant visa petition. Second, under the standard we adopted in Achacoso-Sanchez, the judge need only have articulated a rational explanation for his decision. He did so in this case. There is no requirement that the judge explain why each piece of evidence is not enough to justify reopening the case.
 
 The petition for review is denied.[8]
 III.
 
 10
 Besides ruling on the merits of this case, we must also consider whether we should sanction petitioner's counsel, Elliott L. DuBois, for misconduct. By an order dated January 29, 1986 the court ordered that this issue be decided by the panel assigned to decide the merits. The factual background follows.
 
 
 11
 Petitioner's brief was originally due on September 3, 1985, and on August 30, 1985 DuBois filed a motion for a thirty-day extension, giving two reasons for his request. First, DuBois stated he had been "repeatedly engaged in lengthy administrative hearings and civil trials" in July and August. Second, he stated that "the major portion of research and drafting has been completed but due to complexities of issues involved additional time is requested." The motion was denied. Circuit Rule 8(a) requires a motion for an extension of time to contain specific factual statements that establish to the court's satisfaction that with due diligence, and giving priority to preparing the brief, it will not be possible to file the brief on time.[9] In particular, involvement in other litigation may be a ground for granting an extension of time provided the other litigation is described in detail, reasons are given why the other cases should receive priority and the movant explains why associated counsel (if any) cannot either prepare the brief or handle the other litigation. In addition, allegations of complexity must be supported with a specific factual description of the litigation on appeal. DuBois's motion clearly lacked the specificity required by our rule, and the court told him so when it denied his request for an extension.[10]
 
 
 12
 Rather than file a motion that complied with Rule 8(a), DuBois did nothing. On November 20, 1985 we issued a rule to show cause why the case should not be dismissed for lack of prosecution. DuBois responded on December 6, 1985 (two days late; he was given fourteen days to respond) with a motion to file the brief instanter. Apparently attempting (unsuccessfully) to comply with Rule 8(a),[11] the motion gave two reasons for the long filing delay. First, DuBois stated that he had been involved in numerous immigration hearings. There was no identification of the cases by docket number and no explanation of the nature or timing of these hearings; rather, DuBois simply listed the names of 54 of his clients. The second reason was that DuBois had been ill.
 
 
 13
 We granted the motion to file instanter simply to get the briefing underway; it had already been delayed for three months and we saw no reason to delay it any further. Instead, we ordered DuBois to show cause why he should not be disciplined. We took this step because of the brief DuBois had submitted with his motion to file instanter. The case that DuBois had described in August as "complex" seemed much different in his brief: the brief contains two pages of argument and two case citations. At best, DuBois's August motion contains an extremely misleading description of the case; at worst, DuBois may have deliberately misrepresented the nature of the case to the court.[12]
 
 
 14
 DuBois's response to the most recent rule to show cause has some explanation for his actions.[13] He states that he did not think that he could file a second request for an extension of time, "but felt that the matter should be addressed in a Response to a Rule to Show Cause asking why the appeal should not be denied. At that time, I would have explained in detail that the nature of my practice required extensive preparation of documents and numerous hearings with each client, involving final Deportation Hearings before Immigration Judges."[14] But DuBois had an opportunity to provide this explanation when we issued our November 20 rule to show cause; he did not do so.
 
 
 15
 DuBois's justification for his characterization of this case as "complex" is as follows:
 
 
 16
 Issues raised by the government were numerous and had to be sifted through after reading numerous cases previously cited by the government. The gravity of the Petitioner's brief was based upon an attempt on my part to be as concise and precise as possible in presenting my client's position and I am prepared in detail to respond to what I anticipate to be numerous cases cited by the government regarding our position.
 
 
 17
 DuBois's brief is more than concise; it is barely a brief at all. And to the extent that DuBois lay in wait for the government's brief before setting forth his arguments more fully in a reply brief, he erred: as we pointed out supra n.8, a party may not raise new issues in a reply brief; arguments not made in a party's opening brief are waived.
 
 
 18
 DuBois's response is wholly inadequate in response to the serious charge that he has deliberately misled the court regarding the nature of this case. There is simply no reason why it should have taken DuBois over four months to draft such a meager brief. When combined with the rules violations noted earlier, there is ample justification to fine him $500.00, payable to the United States Treasury by certified check. The fine is due in the clerk's office within two weeks of the date of this opinion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The factual recitation that follows is drawn principally from the government's brief. In petitioner's reply brief, he complains that the INS's statement of facts is incomplete in certain respects. We remind petitioner's counsel that it is his responsibility to provide a complete statement of facts necessary for us to consider the issues raised on appeal. Fed.R.App.P. 28(a)(3). The four-sentence statement of facts in petitioner's opening brief falls woefully short of this standard
 
 
 [2]
 See 8 U.S.C. Sec. 1101(a)(16)
 
 
 [3]
 El-Gharabli requested that his status be adjusted to that of alien lawfully admitted for permanent residence. The Attorney General has the discretion to grant this change if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. Sec. 1255(a). See generally Patel v. INS, 738 F.2d 239 (7th Cir.1984)
 
 
 [4]
 El-Gharabli has not challenged the accuracy of the INS's offer of proof regarding his wife's statements to the INS in December 1983. Nor does he dispute what his wife told the INS before the second immigrant visa petition was filed; he does, however, contend that she signed the second petition of her own free will. In fact, petitioner claims that his wife testified on July 20, 1984 that she was not harassed into signing the second petition. There is no indication in the record that a hearing occurred on July 20, 1984 nor does the immigration judge allude to such a hearing in his opinion. Rather, the record indicates that the only event happening on July 20 was petitioner filing his petition to reopen deportation proceedings
 It is petitioner's responsibility to see that the record contains the material necessary for this court to decide the case. United States v. Saykally, 777 F.2d 1286, 1288 n. 3 (7th Cir.1985) (per curiam). To the extent that petitioner's factual assertions are not supported by the record, we ignore them.
 
 
 [5]
 In Garcia, the BIA ruled that an immigration judge has the discretion to reopen a deportation proceeding when an alien, although not immediately eligible for relief under 8 U.S.C. Sec. 1255, would become eligible if the INS acted favorably on a pending visa petition
 
 
 [6]
 In Achacoso-Sanchez the motion to reopen was made to the BIA. Here it was made to the immigration judge. It makes no difference for our standard of review. The regulations governing motions to reopen provide the same standards for the BIA, 8 C.F.R. Sec. 3.2, and an immigration judge, 8 C.F.R. Sec. 242.22: motions to reopen should not be granted unless material evidence is offered which was not available and could not have been discovered or presented at the earlier hearing
 
 
 [7]
 Actually, El-Gharabli argues that the BIA is required to describe the deficiencies of new evidence and that the BIA did not adequately say why it dismissed his appeal. Since the BIA's decision states that it affirmed for the reasons stated in the immigration judge's opinion, we will assume that petitioner is challenging the judge's decision
 
 
 [8]
 In petitioner's reply brief, he asserts that the INS has not yet ruled on his wife's refiled immigrant visa petition and argues that we should remand this case to the INS to rule on this petition. Since El-Gharabli did not make this argument in his opening brief, he has waived it for purposes of this appeal. Christmas v. Sanders, 759 F.2d 1284, 1291-92 (7th Cir.1985). In any event, the issue lacks merit. Petitioner cites no authority in support of his argument that the INS is required to rule on a refiled immigrant visa petition within a certain time period
 
 
 [9]
 Circuit Rule 8(a) provides:
 Extensions of Time. Extensions of time to file briefs are not favored. A request for an extension of time shall be in the form of a motion supported by affidavit. The date the brief is due shall be stated in the motion. The affidavit must disclose facts which establish to the satisfaction of the court that with due diligence, and giving priority to the preparation of the brief, it will not be possible to file the brief on time.
 In addition, if the time for filing the brief has been previously extended, the affidavit shall set forth the filing date of any prior motions and the court's ruling thereon. All factual statements required by this rule shall be set forth with specificity. Generalities, such as that the purpose of the motion is not for delay, or that counsel is too busy, will not be sufficient.
 Grounds that may merit consideration are:
 (1) Engagement in other litigation, provided such litigation is identified by caption, number, and court, and there is set forth (a) a description of action taken on a request for continuance or deferment of other litigation; (b) an explanation of the reasons why other litigation should receive priority over the case in which the petition is filed; and (c) other relevant circumstances including why other associated counsel cannot either prepare the brief for filing or, in the alternative, relieve the movant's counsel of the other litigation claimed as a ground for extension.
 (2) The matter under appeal is so complex that an adequate brief cannot reasonably be prepared by the date the brief is due, provided that the complexity is factually demonstrated in the affidavit.
 (3) Extreme hardship to counsel will result unless an extension is granted, in which event the nature of the hardship must be set forth in detail.
 The motion shall be filed at least five days before the brief is due, unless it is made to appear in the motion that the facts which are the basis of the motion did not exist earlier or were not, or with due diligence could not have been, known earlier to the movant's counsel. Notice of the fact that an extension will be sought must be given to the opposing counsel together with a copy of the motion prior to the filing thereof.
 In criminal cases, or in other cases in which a party may be in custody (including military service), a statement must be set forth in the affidavit as to the custodial status of the party, including the conditions of the party's bail, if any.
 
 
 [10]
 The motion was also untimely (it was not filed at least five days before the brief was due), but we did not base our denial of the motion on its tardiness
 
 
 [11]
 Strictly speaking, Circuit Rule 8(a) deals only with motions for extensions of time. See generally Connecticut General Life Ins. Co. v. Chicago Title and Trust Co., 690 F.2d 115 (7th Cir.1982) (Posner, J., in chambers). Motions to file instanter, however, request the same sort of relief; in effect, they are motions for extensions of time after the fact. Accordingly, it has been the court's practice to require attorneys to give reasons for the late filing with the same specificity they would have to for an extension of time to file the brief in the first place
 
 
 [12]
 We note in passing that DuBois told us in August that the majority of the brief had been written. The length of the finished product casts doubt on this assertion
 
 
 [13]
 Fed.R.App.P. 46(c) requires us, before imposing disciplinary sanctions, to grant an attorney a hearing if he or she requests one. DuBois asked for a hearing "if there are any further questions." We have no questions for DuBois. The record is clear that sanctions are warranted in this case
 
 
 [14]
 DuBois goes on to state that immigration hearings are often scheduled months in advance, that continuances are not ordinarily granted and that his busy schedule requires that he work two nights per week and all day Saturday. As we have noted before, it is an attorney's responsibility to manage his practice so that he is able to meet his obligations to this court and comply with our rules. In re Pritzker, 762 F.2d 532, 533 (7th Cir.1985) (per curiam); In re Harte, 701 F.2d 62 (7th Cir.1983) (per curiam)