**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George BUSH, Sr., Defendant-Appellant.**

**No. 86–1044.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 14, 1986.

Decided Aug. 1, 1986.

Rehearing Denied Oct. 9, 1986.

Richard G. Younge, East St. Louis, Ill., for defendant-appellant.

Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before COFFEY, FLAUM and EASTER-BROOK, Circuit Judges.

PER CURIAM.

We are required to decide in this case whether to discipline defendant's attorney, Richard G. Younge, for repeated failures to respond to this court's orders and obey this court's rules. Having concluded that sanctions are necessary, we hereby fine Younge $500.00. The factual background follows.

## I.

This criminal appeal was filed on December 27, 1985. Because counsel had filed neither the record nor a brief, on March 27, 1986 we ordered Younge to show cause within 14 days why this appeal should not be dismissed for lack of prosecution. Younge did not respond to this order, so we reissued an identical order on May 13. Six days later, Younge filed a motion for an extension of time in which to file the record. We denied the motion because it lacked the specificity required by our rules, reminded counsel that he had not yet responded to two rules to show cause, and ordered counsel to show cause by June 4 why he should not be disciplined for not complying with our rules and previous orders.

Younge responded on June 4 by filing a motion to reconsider. This time, we ordered him to file a brief by June 11 and once again told Younge that he had never responded to any of our rules to show cause; we gave him until June 13 to explain why he should not be disciplined.

Younge filed a brief, but it was returned by the clerk's office because of numerous deficiencies: besides being filed late, it did not contain the certificate of interest required by Circuit Rule 5(b); a table of authorities, see Circuit Rule 9(a); a short appendix, see Circuit Rule 12(a); and a proper jurisdictional summary, see Circuit Rule 9(b). Moreover, Younge still did not answer the rule to show cause. We issued yet another order: counsel was ordered to file a proper brief and a detailed and complete response to the rule to show cause by June 27.

Younge finally filed a brief on July 2 and a response to the rule to show cause on July 7. He gave these reasons for his inattention to this case: his regular secretary is on maternity leave, and there has been some miscommunication with her replacements; several unexpected trials kept him out of the office; and office repairs have disrupted Younge's normal work schedule, forcing him to work out of his home and other offices.

## II.

In the past year or so we have disciplined attorneys for repeatedly filing frivolous cases, *In re Jafree*, 759 F.2d 604 (7th Cir. 1985) (per curiam), for not filing briefs and ignoring court orders, *In re Pritzker*, 762 F.2d 532 (7th Cir.1985) (per curiam), and for violating our rules and misleading the court about a case, *El-Gharabli v. INS*, 796 F.2d 935, 938–940 (7th Cir.1986) (per curiam). This case is much like *Pritzker:* both were criminal cases involving lengthy delays in filing defendant-appellant's brief. (In fact, Pritzker never filed a brief; we had to appoint substitute counsel for his client). The type of consistent indifference to our orders and rules that has taken place in this case is especially distressing in criminal cases, over which we have supervisory responsibilities not present in other appeals,[1] be-

---

1. See generally *United States v. Flowers*, 789 F.2d 569 (7th Cir.1986) (per curiam); *United States v. Edwards*, 777 F.2d 364 (7th Cir.1985) (per curiam).

cause the clients—often incarcerated—generally have no ability to monitor their attorney's progress in preparing the appeal. And if their convictions are reversed, each day spent in prison waiting for a decision on appeal is irreparably lost.

Younge's explanation for his inaction does not excuse his behavior. As we explained just the other day, an attorney is responsible for managing his office so that he can comply with this court's orders and rules. *El-Gharabli*, 796 F.2d at 940 n. 14. Attorneys are not free to ignore court orders; they must manage their practices accordingly if they expect to practice in this court.

Consequently, we exercise the power given us by Fed.R.App.P. 46(c) [2] and fine Younge $500.00, payable by certified check to the United States Treasury, to be tendered in the clerk's office within two weeks of the date of this opinion.

**2.** Rule 46(c) provides:

A court of appeals may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court.

Younge has not requested a hearing.