**In re John L. GUBBINS.**

**No. D-117.**

United States Court of Appeals, Seventh Circuit.

Heard Sept. 14, 1989.

Decided Nov. 22, 1989.

Before POSNER, COFFEY and EASTERBROOK, Circuit Judges.

PER CURIAM.

This court sent attorney John L. Gubbins an order to show cause why he should not be disciplined for unprofessional conduct consisting of a pattern of late filings of briefs in this court. The pattern includes a large number of requests to file briefs *instanter*, that is, to be allowed to file an untimely brief for which no extension of

time had been obtained. In a further notice the court inquired concerning the truthfulness of statements in affidavits attached to two motions for extension of time. At Gubbins's request, the panel on September 14, 1989, conducted a hearing pursuant to Fed.R.App.P. 46(c) at which Gubbins appeared. Gubbins has also submitted written responses to the orders to show cause. The record (summarized in the Appendix at the end of this opinion) is now complete.

■ 1. The panel has determined that attorney Gubbins engaged in sanctionable professional misconduct, and the sanction we impose is a three-month suspension from practice before this court, starting today.

■ Gubbins was a sole practitioner specializing in practice in the federal district court in Chicago and in this court (he is a former chief staff attorney of this court). His practice was attended with some success and expanded rapidly. As he conceded at the hearing, he did not hire adequate staff or take in other attorneys as partners, but instead engaged in the standard solo litigator juggling act, which necessitated his filing continual requests for extensions of time in both the district court and in this court. Gubbins's dilatory conduct of litigation, often to the detriment of his clients, has drawn repeated comment from this court. See *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986); *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989); *Petru v. City of Berwyn*, 872 F.2d 1359, 1362–63 (7th Cir.1989); *Adams v. Lever Bros. Co.*, 874 F.2d 393, 396 (7th Cir.1989). Most of the requests for extensions of time in this court were granted, as Gubbins emphasizes, including requests to file briefs instanter, even though the rules make no provision for such requests. See *Connecticut General Life Ins. Co. v. Chicago Title & Trust Co.*, 690 F.2d 115 (7th Cir.1982) (in chambers). But the court is naturally reluctant to penalize litigants for the delicts of their attorneys, and the court's action in granting untimely, irregular, and improvident motions for extensions of time does not excuse an attorney's misconduct in filing them.

Six years ago, in *In re Harte*, 701 F.2d 62 (7th Cir.1983) (per curiam), this court described an identical pattern of noncompliance with the rules governing the time for filing briefs in this court, issued a public reprimand to the practitioner, and announced that we would impose heavier disciplinary sanctions in the future. The future is now. Although we are persuaded that Gubbins did not act willfully in failing to expand his office commensurately with the expansion of his practice, he acted carelessly and in the face of the warning delivered in the *Harte* opinion.

His practice in regard to requests to file briefs instanter illustrates the pattern. In the last two and a half years he has made such requests in six cases. In each case the brief was filed one or more days late after up to three extensions of time had been granted. The pattern of late filings has continued notwithstanding continual rebukes from this court and from the district court. This is the fifth occasion on which his conduct has drawn criticism from this court in a published opinion. Since district judges are less indulgent than we in allowing late briefs to be filed, Gubbins's proclivity for late filing has done his clients real harm, as in *Herman*.

■ 2. We are however persuaded that Gubbins did not attempt to mislead this court that he was on trial in a case that had been called for trial but in which the empaneling of the jury was delayed to enable the attorneys and the court to address and resolve a number of pretrial motions. When the judge calls the case for trial, the trial may be said to have begun even if (as is common) there is an interval before jury empaneling commences during which the judge disposes of preliminary matters such as requests to separate witnesses. In this case the interval stretched out and eventually it became clear that there would be no trial, but we are satisfied that Gubbins honestly believed that trial had begun when he so represented to us.

3. We are forwarding a copy of this opinion to the Executive Committee of the

district court for the Northern District of Illinois, for such additional disciplinary action if any as the Committee may think appropriate.

## APPENDIX

I. In four cases this court has criticized Gubbins, referring to him by name:

A. *Adams v. Lever Bros. Co.*, 874 F.2d 393 (7th Cir.1989).

"The district court declined to reinstate the case, writing that '[t]he Court has come to expect unusual filings, usually late, from Gubbins. However, this "notice of reinstatement" is by far the most unusual.'" (at 394).

"Gubbins filed an appeal and modest briefs; although the court set the case for oral argument, Gubbins waived his right to participate. As the district court observed, Gubbins has not been wholly diligent in protecting the position of his clients there. See, e.g., *Herman v. City of Chicago*, 870 F.2d 400 (7th Cir.1989). Although the sins of counsel often are visited on litigants, we conclude that these clients survive Mr. Gubbins's slapdash approach." (at 394).

"If Mr. Gubbins filed the complaint (or any subsequent document) without the prior inquiry required by Rule 11, sanctions are in order. Gubbins may have much to answer for, but his clients are entitled to a decision on the merits, if in the face of this affidavit they still believe there are 'merits' to resolve." (at 396).

B. *Petru v. City of Berwyn*, 872 F.2d 1359, 1363–64 (7th Cir.1989).

"When as in this case, a party fails to even file an answer and thus does nothing to resist the motion for summary judgment in the district court, the court is not required to perform the lawyer's work for him. As we observed in a recent case in which the same attorney now representing Petru had also failed to file a response to a motion for summary judgment:

'A district court need not scour the record to make the case of a party who does nothing. Indeed, under the rules of the Northern District of Illinois, depositions and other materials are not in the record until introduced by a party. The materials [John Gubbins, attorney in that case and Petru's attorney in this case] now says the district court should have hunted up were not in the record and are not there now. (citation omitted). A lawyer has an ethical obligation, enforceable under Rule 11, not to seek summary judgment if the facts show that his client is not entitled to that relief (citation omitted), but courts will not discover that the movant slighted contrary information if opposing lawyers sit on their haunches; judges may let the adversary system take its course.'"

*Herman, infra,* at 404 (cited at 872 F.2d 1363).

C. *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989).

See text cited in *Petru, supra.*

D. *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir.1986) (Gubbins not attorney of record on appeal).

"In the present case, as in *Pryor* [*v. U.S. Postal Service*, 769 F.2d 281 (5th Cir.1985)], our review of the record reveals that not one of Kagan's counsel (Gubbins, Krakauer, or Morris) ever made an attempt to contact the district court in a timely fashion when it became apparent that Gubbins' trial schedule would prevent him from attending the pretrial conference nor did any of Kagan's three attorneys make a timely effort to seek a continuance. Thereafter, the record discloses that Gubbins never made any attempt to contact the trial court to explain his absence. The plaintiff in *Pryor* immediately expressed his concern to the district court and the plaintiff's counsel went further and contacted the court two months after the dismissal in an effort to explain his absence from the conference, as contrasted with the present case, where neither Kagan nor any of his three attorneys (Gubbins, Krakauer, or Morris) contacted the dis-

trict court on Kagan's behalf to explain why they had failed to appear at the pretrial conference, but instead did absolutely nothing to protect their client's interest until December 11th, almost six months after the dismissal. We take cognizance of and are sympathetic with the difficulties Gubbins encountered in his personal life during the period that Kagan's lawsuit was pending, but according to his own testimony, Gubbins was able to return to the courtroom and able to conduct three trials within a 60-day period in the spring of 1984. As the district court observed, 'as a practicing attorney, when we agree to represent a client, any problems that we may be having personally will be set aside in terms of the matter in which we conduct ourselves in reference to a client. There is no other way that the profession can function.' We agree with the cogent advice given by the District Court to the trial attorneys and hold that Gubbins' failure to pay attention to Kagan's lawsuit is inexcusable." (at 608).

II. In sixteen cases and on approximately forty occasions before this court, Gubbins has moved for extensions of time or filed papers instanter:

A. *Auriemma v. Rice*, 89–1479
3/20/89 corrected brief filed instanter

B. *Wigod v. Chicago Mercantile*, 89–2716
9/13/89 motion to extend time to file brief

C. *Vukadinovich v. Krawczyk*, 89–2171
7/6/89 motion to extend time to file brief

D. *Villa v. City of Chicago*, 89–1199
3/8/89 motion to extend time to file brief
3/13/89 emergency motion to extend time to file brief

E. *Pieczynski v. Cerda*, 88–2881
10/31/88 motion to extend time to file brief (motion denied because case had previously been dismissed)

F. *Malhotra v. Cotter & Co.*, 88–2880
11/1/88 motion to extend time to file brief
12/5/88 motion to extend time to file brief
12/28/88 brief filed instanter (two days late)
2/9/89 motion to extend time to file reply brief
2/15/89 reply brief filed instanter (one day late)

G. *Triad Assoc. v. Chicago Housing Authority*, 88–2876, 88–2830, 88–1353
4/18/88 motion to extend time to file lead brief (88–1353)
8/5/88 motion to extend time to file reply brief (88–1353)
10/25/88 motion to extend time to file reply brief (88–2830)
1/4/89 motion to extend time to file response (88–2830)
12/28/88 motion to extend time to file reply brief (88–2876)
1/9/89 motion to extend time to file response to motion to dismiss (88–2876)
7/10/89 motion to extend time to file reply brief (88–2876)

H. *Jones v. Jones Bros. Constr.*, 88–2833
1/13/89 motion to extend time to file brief
2/8/89 motion to extend time to file brief
3/2/89 motion to extend time to file brief
4/4/89 corrected brief filed instanter

I. *Powers v. Chicago Transit Authority*, 88–2531
9/14/88 motion to extend time to file brief
9/22/88 motion to extend time to file brief
10/11/88 motion to extend time to file brief
1/18/89 motion to extend time to file reply brief
2/2/89 motion to extend time to file reply brief
10/25/89 brief filed instanter (one day late)

J. *Adams v. Lever Bros.*, 88–2288

8/15/88 motion to extend time to file brief

10/28/88 motion to extend time to file reply brief

K. *Petru v. City of Berwyn*, 88–2279

8/15/88 motion to extend time to file brief

10/28/88 motion to extend time to file reply brief

11/18/88 motion to extend time to file reply brief

L. *Herman v. City of Chicago*, 88–2256

10/11/88 motion to extend time to file reply brief

M. *City of Chicago v. Frost*, 87–2896

10/30/89 Filed response to an order to show cause which had been due 10/23/89

N. *Cygnar v. City of Chicago*, 87–1181

Seven motions for extension of time were filed by Gubbins, but were necessitated by a delay in preparation of the transcript. Nevertheless, corrected briefs were filed instanter (three days late)

11/27/87 motion to extend time to file reply brief

O. *Southwest Suburban Bd. of Realtors v. Beverly Area Planning Assoc.*, 86–3154

2/19/87 brief filed instanter (notice of appeal had been filed 12/24/86)

3/27/87 motion to extend time to file reply brief

P. *Bigby v. City of Chicago*, 84–2284

8/27/84 motion to extend time to file brief

2/4/85 motion to extend time to file reply