**John AURIEMMA, et al.,
Plaintiffs–Appellants,**

v.

**CITY OF CHICAGO, et al.,
Defendants–Appellees.**

**No. 90–1872.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 1, 1990.

Decided July 3, 1990.

John L. Gubbins, Chicago, Ill., for plaintiffs-appellants.

Ruth M. Moscovitch, Frederick S. Rhine, Kelly R. Welsh, Asst. Corp. Counsel, Office of the Corporation Counsel, Locke E. Bowman, III, Judson H. Miner, Corp. Counsel, City of Chicago Dept. of Law, Chicago, Ill., for City of Chicago, Fred Rice and James Montgomery.

Chester Slaughter, Chicago, Ill., for Donald Hubert.

Jeff D. Harris, Carl Gigante, Foran, Wiss & Schultz, Chicago, Ill., for Investigative Consultants, Inc.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

On March 28, 1990, the district court entered a decision with respect to some but not all of the defendants, adding that the decision "is final and appealable." Neither this statement nor the statement in an accompanying minute order that "[p]laintiffs' motion for entry of a rule 54(b) order is granted" makes the interlocutory order appealable. Rule 54(b) provides for partial final judgment only "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The minute order constitutes an "express direction", but there is no "express determination".

There is, moreover, no basis we can see for such a "determination". As we observed in *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592–93 (7th Cir.1990), district judges should give reasons for their "determinations". Perhaps there is adequate support for such a determination, but it has yet to be made or explained. We therefore remand the case so that the district court may decide whether to make and give reasons for the statutory determination. Unless the district judge does so, the appeal will be dismissed for want of jurisdiction. If the determination about delay is made and supported, it will still be necessary to decide whether the questions remaining for decision in the district court are so closely related to those covered by the Rule 54(b) judgment that an appeal is impermissible. See *Horn*, 898 F.2d at 592 (collecting cases). This, too, is a subject the district court should address in the first instance.

We add a note of concern about the performance of John L. Gubbins, counsel for appellants. Last November we suspended Gubbins for three months because of his consistently late and careless performance on behalf of his clients. *In re Gubbins*, 890 F.2d 30 (7th Cir.1989). Because of our belief that Gubbins was sincere in his promise to reform, and our faith in his ability to carry out that promise, we made the sanction lenient. Papers filed in this case suggest that the subject bears revisiting.

Circuit Rule 3(c) provides that within seven days of filing the notice of appeal, counsel shall serve a jurisdictional statement that complies with the requirements of Circuit Rule 28(b). That rule in turn requires the statement to spell out the source of subject-matter jurisdiction in the district court and to furnish all details pertinent to appellate jurisdiction, including the dates of the judgment and notice of appeal. Rule 28(b)(3) requires additional information if the appeal is taken from an order other than the terminating judgment, and Rule

28(b)(3)(i) addresses Rule 54(b) judgments explicitly:

> If any claims or parties remain for disposition in the district court, identify the nature of these claims and the ground on which an appeal may be taken in advance of final judgment. If there has been a certificate under Fed.R.Civ.P. 54(b) ... give the particulars and describe the relation between the claims or parties subject to the appeal and the claims or parties remaining in the district court.

This rule requires considerable detail so that we may decide without unnecessary delay or supplemental briefing orders whether there is jurisdiction.

Gubbins filed a jurisdictional statement that reads in full:

> This is an appeal from the entry of a partial summary judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Rule 54(b) order was entered March 28, 1990. Subsequent thereto, plaintiffs appealed and thus the jurisdiction of this court is pursuant to 28 U.S.C. 1291.

This statement says nothing about the basis of jurisdiction in the district court or the date on which the notice of appeal was filed. It contains none of the information required by Circuit Rule 28(b)(3)(i). And it is late. The notice of appeal was filed April 17, and the statement on May 9.

This court's staff, examining the short record without the assistance of a jurisdictional statement, issued an order on April 25 requiring Gubbins to file by May 8 a memorandum of law addressing the question whether the district court's order satisfies Rule 54(b). The Rule 3(c) jurisdictional "statement" appeared on May 9, but without a memorandum of law. On May 15 appellees moved to dismiss the appeal on account of the failure to comply with our order. Nothing further happened until May 23, 1990, when the court finally received the jurisdictional memorandum.

Gubbins explained the delay by saying that he is recovering from pneumonia, has been told by a physician to "reduce his workday hours", and "overlooked the order from this Court". He added that he "did timely file appellants' Jurisdictional Statement"—which he had not.

To make matters worse, the "memorandum" Gubbins filed is one page long (plus the caption), cites no cases, and says nothing about the fact that the district court's judgment omits the essential "express determination". The memorandum also leaves the court in the dark about the relation between the claims and parties involved in the appeal and those remaining in the district court. Without this information, the court cannot decide whether there is jurisdiction.

Both of Gubbins' filings in this case were untimely. Both were woefully deficient. Behavior of this kind led to the three-month suspension. Gubbins assured us months ago that timeliness problems had been cured by the addition of attorneys to his office. Yet Gubbins attributes the late filing of the jurisdictional memorandum to personal illness and oversight. He does not mention the other attorneys and tickler system that he promised this court would prevent the recurrence of such problems. As for the untruth: when limiting the suspension to three months, we accepted Gubbins' statement as an officer of the court that a misrepresentation in another document filed with this court had been inadvertent. A fresh misrepresentation makes such explanations hard to credit.

Recurrence of the problems that led to the suspension raises in our mind the question whether Gubbins takes seriously the promises made to this court. Although we do not reopen the disciplinary proceeding at this time, it should be apparent that our patience is exhausted. Gubbins has two strikes against him.

FLAUM, Circuit Judge, concurring.

I concur in the majority's comments regarding rule 54(b). With respect to the conduct of attorney John L. Gubbins on this appeal, I am of the view that his less than commendable performance in this matter should not presently be the subject of renewed disciplinary proceedings or published commentary. I arrive at this conclusion based on the contents of the pleadings

before us, recognizing Mr. Gubbins' uneven track record before this tribunal. (See *In re: Gubbins,* 890 F.2d 30, 32–34 (7th Cir. 1989)).

While a widely circulated warning to a member of the bar may be appropriate in certain settings, in my judgment an unpublished admonition, the imposition of costs and possibly attorney's fees would have served better in this instance. I, therefore, do not deem this opinion a necessary arena in which to address the specifics of this particular counsel's admittedly unsatisfactory appellate advocacy.