911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David HELDSTAB, Plaintiff-Appellant,
v.
Frank LISKA, Milwaukee County Court Commissioner, Thomas
Doherty, Milwaukee County Circuit Judge (Branch 27), William
Haese, Milwaukee County Circuit Judge (Branch 22), Raymond
Kress, Calendar Clerk, Milwaukee County Circuit Courts,
Joanne Kelly, Clerk, Milwaukee County Circuit Court (Branch
27), Unknown and unidentified Milwaukee County Circuit Court
Employees, herein Denominated as John Doe I, John Doe II,
John Doe III, Janet Resnick, Sidney Sodos, Jacobson, Sodos &
Krings, Milwaukee and Catherine Bichler, Defendants-Appellees.
 No. 89-3323.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 2, 1990.*
Decided Aug. 20, 1990.
 
 Before BAUER, Chief Judge, and CUDAHY and POSNER, Circuit Judges.
 
 ORDER
 
 1
 Appellant David Heldstab believes that the appellees in this case conspired to make him lose his state court lawsuit against appellee Catherine Bichler and to force him to pay her legal fees. Heldstab filed a complaint alleging violations of 42 U.S.C. Secs. 1983, 1985(2) and 1985(3) which the district court dismissed on grounds of judicial immunity and failure to state a claim on which relief could be granted. Heldstab took a timely appeal to this Court, and we affirm.
 
 
 2
 This case began in Milwaukee County, Wisconsin's small claims court. Heldstab, a landowner, had rented an apartment to Catherine Bichler, with an agreement that if Bichler were to move out during the winter months she would forfeit her security deposit. Bichler did in fact move out during November 1985, giving only short notice--less than the 28 days notice required by Wisconsin law. Heldstab retained Bichler's security deposit, which was approximately equal to one month's rent, and he demanded an additional month's rent as well. When Bichler refused to pay, Heldstab sued in the small claims court. Court Commissioner Liska ruled that Heldstab was entitled to keep the security deposit but was not entitled to any more rent.
 
 
 3
 Displeased with this outcome, Heldstab took the case to the Milwaukee County Circuit Court and demanded a jury trial. The case was assigned to Branch 27, the courtroom of Judge Thomas Doherty.[1] Soon a scheduling conference was set for January 29, 1987. Heldstab alleges that Clerk Joanne Kelly, acting at Judge Doherty's direction, failed to send him notice of that conference. Heldstab nonetheless learned of the date and he appeared at the appointed time. Bichler failed to appear. The record does not reflect exactly what went on at that conference, but when it was over Judge Doherty recused himself from the case and sent it back for assignment to another judge. Heldstab believes that Judge Doherty forced Clerk Raymond Kress not to randomly assign the case, but instead to assign it to Branch 22, the courtroom of Judge William Haese.
 
 
 4
 Judge Haese held a pretrial conference on April 1, 1988, at which Heldstab and Bichler both appeared pro se, and a trial date was set. Before trial, though, Bichler obtained counsel. According to Heldstab, either Judge Doherty or Judge Haese called one of the senior members of the law firm of Jacobson, Sodos & Krings (probably Sidney Sodos), and the two generally agreed to punish Heldstab. Apparently they agreed that Heldstab would lose his case against Bichler and would be forced to pay Bichler's legal fees. We note that Heldstab offered no indication of what evidence he would use to support this version of events, but did attach to his pleadings an affidavit of a private investigator he had hired. The investigator stated that Bichler had said she located Jacobson, Sodos & Krings through a referral service or through the Yellow Pages.
 
 
 5
 Attorney Janet Resnick of the Jacobson firm filed an answer on behalf of Bichler, raising two affirmative defenses and asking that Heldstab be made to pay Bichler's legal fees on the ground that the action was frivolous. Heldstab filed a motion for summary judgment which was argued on May 18, 1988. Sidney Sodos appeared on behalf of Bichler. Judge Haese determined that there were no grounds for granting Heldstab's motion for summary judgment and no grounds to deny Bichler judgment. The court granted Bichler's motion for fees as well. Heldstab did not appeal this judgment, but instead applied unsuccessfully to the Wisconsin Supreme Court for a supervisory writ directed against Judge Haese.
 
 
 6
 Heldstab then filed the present lawsuit, naming as defendants every person named above (except the members of the Wisconsin Supreme Court). For good measure he added John Doe defendants Numbers I, II and III, employees of the County Court Clerk's office. The district court found that Commissioner Liska, Judge Doherty and Judge Haese were all protected from suit by absolute judicial immunity, and that the clerks were similarly immunized. The suit against the private defendants, Bichler, Resnick, Sodos and the firm of Jacobson, Sodos & Krings, was dismissed for failure to allege sufficient facts to support a charge that the defendants had conspired to act under color of state law. We agree with each of these conclusions and therefore affirm.
 
 The Judges
 
 7
 Judges are absolutely immune from suit for actions taken in their judicial capacities. Their judicial acts are protected unless the judge acted "in the clear absence of all jurisdiction." Bradley v. Fisher, 80 U.S. (13 Wall) 335, 351 (1872); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). If the acts complained of are of the kind normally performed by a judge, and if the plaintiff was dealing with the judge in his judicial capacity, then suit cannot be entertained. Dellenbach v. Letsinger, 889 F.2d 755, 759 (7th Cir.1989). Judicial immunity is a defense so long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). Even taking all the allegations of the complaint as true, Commissioner Liska, Judge Doherty and Judge Haese did nothing but deal with Heldstab's rent dispute. These are plainly acts normally performed by judges, and they dealt with Heldstab as a judge deals with a litigant. Unless the judges were acting "in the clear absence of all jurisdiction," they are entitled to the protection of absolute immunity.[2]
 
 
 8
 It is plain to us, as it was to the district court, that the judges, even if they did all they were alleged to have done, did not act in the clear absence of all jurisdiction. The small claims case was unquestionably before Commissioner Liska, and the case was properly transferred to Judge Doherty. Even if Judge Doherty acted wrongly under state law in having the case reassigned to Judge Haese, that is not an act clearly outside a judge's authority. See John v. Barron, 897 F.2d 1387, 1392 (7th Cir.), petition for cert. filed, No. 89-1961 (U.S. June 4, 1990). Deciding the outcome of a case, even if the decision is taken before evidence is formally heard, is an act within a judge's jurisdiction. Id. at 1391-92. And even if one of the judges brought Jacobson, Sodos & Krings into the case, appointing counsel is an act commonly performed by judges. Heldstab's arguments to the contrary amount to nothing more than the untenable argument that a judge has no jurisdiction to decide a case wrongly.[3]
 
 The Clerks
 
 9
 We have held that a court's auxiliary personnel (including clerks) performing nonmechanical functions are shielded from civil liability under the doctrine of judicial immunity. Lowe v. Letsinger, 772 F.2d 308, 313 (7th Cir.1985). Heldstab relies heavily on Lowe for the proposition that the clerks were performing purely ministerial functions. In Lowe, this Court held that a court clerk who failed to notify a party that judgment had been entered against him was not entitled to immunity because the typing and mailing of the notice were nondiscretionary functions. But see, Scruggs v. Moellering, 870 F.2d 376 (7th Cir.1989) (court reporter exercises discretion in preparing transcripts); Eades v. Sterlinske, 810 F.2d 723, 726 (7th Cir.1987) (clerk's entry of false item on docket sheet was a discretionary act because it was a breach of duty). In this case, Heldstab alleges that Joanne Kelly, acting on the instructions of Judge Doherty, failed to send Heldstab notice of the scheduling conference, and that Raymond Kress, also acting at Judge Doherty's direction, assigned the case to Judge Haese. Court personnel, whether exercising discretion or not, are not liable for acts performed on a judge's orders. Valdez v. City of Denver, 878 F.2d 1285, 1289 (10th Cir.1989) ("[I]t is simply unfair to spare the judges who give orders while punishing the officers who obey them."). Clerks Kelly and Kress are entitled to immunity. No allegations were ever made against the John Doe defendants, so they need no immunity.
 
 The Private Parties
 
 10
 The private parties, Bichler, Sodos, Resnick and the law firm of Jacobson, Sodos & Krings, have no immunity from suit. The district court found that Heldstab had failed to state a claim against these defendants, and we agree. Heldstab's complaint purported to be brought under 42 U.S.C. Secs. 1983, 1985(2) and 1985(3). The district court ruled that 42 U.S.C. Sec. 1985(2) is inapplicable because (a) there was no allegation that force or threats were used to prevent Heldstab from appearing in a federal court, and (b) there was no allegation that any defendants were motivated by invidious class-based discriminatory animus. Similarly, 42 U.S.C. Sec. 1985(3) is inapplicable because (a) there was no allegation of class-based animus, and (b) there was no allegation that Heldstab was prevented from voting. Heldstab has not contested these conclusions on appeal.
 
 
 11
 That leaves only the claim under 42 U.S.C. Sec. 1983. To show that the private defendants acted under color of state law, Heldstab will have to show that they acted in concert with state actors. Dennis v. Sparks, 449 U.S. 24 (1980); Moore v. Market Place Restaurant, Inc., 754 F.2d 1336, 1352-53 (7th Cir.1985). Heldstab has not alleged sufficient facts to support a conclusion that there was a conspiracy. It is not enough merely to raise a metaphysical possibility that the defendants might have conspired; there must be allegations of particularized facts which show the existence of a conspiracy. Rodgers v. Lincoln Towing Serv., 771 F.2d 194, 198 (7th Cir.1985). Heldstab's allegations cannot meet this standard.
 
 
 12
 The complaint contains only unsupported conclusory assertions that the defendants conspired with a state actor. Heldstab's allegations against the private actors are these: (1) At some time after January 29, 1987 (probably after April 17), either Judge Doherty or Judge Haese contacted someone at the firm of Jacobson, Sodos & Krings (probably Sidney Sodos); (2) Those parties agreed that the firm would represent Bichler in the rent dispute, that Bichler would win, and that Heldstab would be forced to pay the firm's fee; (3) That Sodos and Janet Resnick participated in the conspiracy by representing Bichler; and (4) That Bichler herself participated in the conspiracy by not calling a halt to it, and by falsely stating that she had located the firm through the Yellow Pages.
 
 
 13
 To support these charges, Heldstab offers the following, which we take as true for purposes of this appeal: (1) Bichler was not forced to pay a retainer fee to Jacobson, Sodos & Krings even though firm policy demands a retainer in every case; (2) That no law firm Heldstab contacted was willing to take a case like Bichler's on the terms she received from the Jacobson firm; (3) That Sodos, a senior attorney, appeared at the hearing before Judge Haese when Resnick had filed the pleadings; (4) That no one acting with proper motives would spend five hundred dollars or more to defend a claim for only $230 (one month's rent); and (5) That Heldstab lost his case before Judge Haese and was forced to pay Bichler's legal fees.
 
 
 14
 It is clear that the last three of these facts provide no evidence of any conspiracy. One side must lose in every litigation that proceeds to judgment, but that hardly shows that the winning side conspired with the judge. Neither is it evidence of conspiracy that a person engages an attorney to file an answer when he is sued. The fact that the amount involved is small makes no difference; many people feel unable to deal with the complexities of the law without the assistance of an attorney. Nor is the fact that more than one member of the law firm appeared on Bichler's behalf any evidence of conspiracy: one of the reasons lawyers form firms is to assist each other in meeting the demands placed on them by their caseloads. See In re Gubbins, 890 F.2d 30 (7th Cir.1990).
 
 
 15
 This leaves only the fact that the Jacobson firm was willing to take the case without demanding a retainer. It requires a great leap of logic to stretch an attorney's willingness to waive a retainer into a conspiracy involving a judge, even if another attorney might not have been willing to act without a retainer. Heldstab seems to believe that the Jacobson firm had certain advance knowledge that Heldstab would be forced to pay their fee, but he has offered no facts to support the belief. Indeed, he does not even allege that the lawyers promised Bichler that Heldstab would pay the fees; he says only that they told her that she would not have to pay if she won the case. But Heldstab will not acknowledge any possibility that the lawyers might have really believed attorneys' fees would be properly awarded; he jumps immediately to the conclusion that the judge must have tipped them off. We will not reach such a conclusion without some factual support.
 
 
 16
 Heldstab may not proceed against the judicial defendants or their staffs because of judicial immunity. He has failed to allege facts which would show a conspiracy between private and public actors intended to deprive him of his federally-protected rights. The dismissal of his suit is therefore
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Heldstab had appeared before Judge Doherty before, and had in fact requested in an earlier case that Judge Doherty recuse himself because of perceived bias against Heldstab
 
 
 [2]
 Heldstab urges us to adopt a different standard, denying immunity where a judge's acts are a "clear abuse of all jurisdiction of subject matter." International Union, UAW v. Greyhound Lines, Inc., 701 F.2d 1181, 1185 (6th Cir.1983); Doe v. McFaul, 599 F.Supp. 1421, 1430-31 (N.D.Ohio 1984). This standard, like the more familiar "absence of all jurisdiction" standard, is derived from Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872). As far as we can tell, there is no significant difference between the two formulations. Both require a judge to defend a lawsuit only if the conduct complained of was so far beyond the court's jurisdiction as to be a nonjudicial act. It would be a clear abuse of jurisdiction of the subject matter to proceed in the absence of all jurisdiction; and it would be an act in absence of all jurisdiction to proceed where it is obvious to all that there is no subject matter jurisdiction
 
 
 [3]
 Judge Doherty and Judge Haese also argue that they were not properly served with process in this case. Service was made by delivery of the summons and complaint to the judges' clerks. Heldstab does not argue that the clerks were authorized by appointment or by law to receive process for the judges. We conclude, then, that the judges were not properly served under Fed.R.Civ.P. 4(d). This is an alternative ground for affirmance as to them