**Jimmy M. SCOTT, Plaintiff–Appellant,**

v.

**Natalie R. CONN, Defendant–Appellee.**

No. 02–1831.

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002 *.

Decided Aug. 5, 2002.

Before CUDAHY, COFFEY, ROVNER,
Circuit Judges.

ORDER

Jimmy Scott sued a number of defendants, including Judge Natalie Conn of the Indiana Superior Court, alleging that his civil rights were violated during his bond hearing and subsequent bench trial. The district court dismissed the claims against Conn on the basis of sovereign and judicial immunity, entered what purported to be a final judgment under Fed.R.Civ.P. 54(b), and Scott appeals. Because the district court has not entered a proper Rule 54(b) partial final judgment, we conclude that the district court's ruling is not a "final decision" and therefore is not appealable. Accordingly, we must dismiss Scott's appeal for lack of jurisdiction.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

Federal appellate jurisdiction extends only to "final decisions" of the district courts. 28 U.S.C. § 1291. A final decision is one that disposes of all claims against all parties, or in the case of a partial dismissal, where the district court has made an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R.Civ.P. 54(b); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir.1996). Here the district court's order disposed only of Scott's claims against Conn, and his claims against other defendants remain pending.

The district court has not yet issued a proper Rule 54(b) partial final judgment for its dismissal of Scott's claims against Conn. We have held that both the "express determination" and the "express direction" are essential to appellate jurisdiction. *Constr. Indus. Ret. Fund of Rockford v. Kasper Trucking, Inc.*, 10 F.3d 465, 467 (7th Cir.1993); *Auriemma v. City of Chicago*, 906 F.2d 312, 313 (7th Cir.1990). Although the district court has met the second part of the test by expressly directing entry of judgment, Rule 54(b) requires that the district court "express[ly] determin[e]" that there is "no just reason for delay." We have insisted that district courts state this finding when certifying a judgment for immediate appeal under Rule 54(b). *See Granack v. Continental Cas. Co.*, 977 F.2d 1143, 1144–45 (7th Cir.1992) ("By definition, an express determination cannot be made implicitly").

The district court's judgment did not determine that there was no just reason for delay, nor did it provide a reasoned analysis of the factors underlying its grant of Rule 54(b) certification. Instead, the court's opinion contains the statement:

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

"Conn notes that the plaintiff's claims against other defendants remain for adjudication and thus unless final judgment is entered in her favor, she will be subject to the possibility of appeal unless all claims are brought to a conclusion." If this statement were sufficient, every judgment that partially resolves a case but leaves other parties in the litigation would be entitled to a Rule 54(b) certification.

Conn concedes that the district court's judgment did not explicitly comply with the requirements of Rule 54(b), but argues that the court's intent is nonetheless manifest and obvious. We have held, however, that absent an express determination of "no just reason for delay," the court's intention is "irrelevant." *Willhelm v. Eastern Airlines, Inc.,* 927 F.2d 971, 973 (7th Cir.1991). While it may be possible to reconstruct the court's reasoning by examining other parts of the record, that is not our role. The district court remains free to enter a proper Rule 54(b) judgment with respect to Scott's claims against Conn, which would then confer jurisdiction upon this court to assess the merits of Scott's appeal.

APPEAL DISMISSED.