**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William STILLWELL, Sr.,**
**Defendant-Appellant.**

**No. 86–2699.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 4, 1986.

Decided Jan. 22, 1987.

Ronald G. Draper, Oak Park, Ill., for plaintiff-appellee.

James R. Ferguson, Sheldon T. Zenner, Deputy Chief U.S. Attys., Anton Valukas, U.S. Atty., Chicago, Ill., for defendant-appellant.

Before WOOD, RIPPLE, and MANION, Circuit Judges.

PER CURIAM.

Defendant Stillwell is represented by Ronald G. Draper, Esquire, of Oak Park, Illinois, who served as trial counsel and was appointed by this court to litigate the appeal. On October 20, 1986, we issued an order stating that it appeared that the notice of appeal was filed four days late; we gave Mr. Draper until October 31 to file a jurisdictional memorandum or to ask the district court for an extension of time in which to appeal. Having heard nothing from Mr. Draper, we issued another order on November 17, requiring him to explain by December 1 why he should not be disciplined pursuant to Fed.R.App.P. 46(c) for ignoring our first order and abandoning his client on appeal. Mr. Draper did not respond to this order until December 18. At that time, he informed the court that the district court had granted an extension of time on October 31, 1986.

 This court has the authority, pursuant to Fed.R.App.P. 46(c), to discipline attorneys "for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court." The sanctions imposed in each case should be carefully tailored to the circumstances of the particular situation. We must protect the litigants and possible future clients from further misfeasance. We may legitimately consider the deterrent effect which our action will have within the bar. Finally, we must consider the effect of the sanction on the individual lawyer involved. Appropriate corrective action ought to require the lawyer to reassess the manner in which he or she is fulfilling professional obligations and afford, when appropriate, an opportunity for reform. We must also remember that state bar officials have great responsibilities in this area and have a right to expect our cooperation. Often, they are in a far better position to assess the overall professional performance of the attorney.

 In this case, it does not appear that the right of Mr. Stillwell to appeal has been substantially impaired by his attorney's action. Yet, Mr. Draper's failure to respond to the orders of this court evidences a lack of respect unbecoming one who has taken the attorney's oath. His action has also required members of this court and its staff to expend a good deal of time and attention which could have been used elsewhere. The United States pays the salaries of the judges of this court and its staff. In wasting their time, Mr. Draper also wasted the government's money. Accordingly, Mr. Draper is fined $500, payable in the clerk's office by cashier's check made payable to the United States Treasury. Payment must be made within fourteen days of this order. In addition, the Clerk is directed to send a copy of this opinion to the appropriate state disciplinary authorities and to Mr. Stillwell.

It is so ordered.