**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Santos SALINAS–GARZA,
Defendant-Appellant.**

**No. 85–2851.**

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1987.

J.A. (Tony) Canales, Nancy M. Simonson, Corpus Christi, Tex., for defendant-appellant.

James R. Gough, Jr., Susan L. Yarbrough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before JOLLY, HILL and JONES, Circuit Judges.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

PER CURIAM:

The Petition for Rehearing filed by the Appellant is DENIED and no member of this panel nor Judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.

In his petition for rehearing Appellant urges that since he had requested oral argument the panel's disposition of his appeal is in conflict with the screening procedures enunciated in the Internal Operating Procedures of the Fifth Circuit (IOP) following Fed.R.App.P. 34. These procedures provide that "[i]f any party requests oral argument, all panel judges must concur not only that the case does not warrant oral argument, but also in the panel opinion as a proper disposition without any special concurrence or dissent." The Appellant requested oral argument and our opinion contained a dissent.

We are of the opinion, however, that the screening procedures relied upon by appellant are not applicable to the decisional

process utilized in the disposition of this appeal. The screening procedures called for in the IOP had been fully complied with in this appeal. This case had been placed on the oral argument docket pursuant to the decision of the screening panel. However, the appeal was disposed of without oral argument pursuant to the decision of the members of the oral argument panel, rather than in a summary manner by a screening panel.

Fed.R.App.P. 34 provides that:

Oral argument will be allowed unless

(1) the appeal is frivolous; or

(2) the dispositive issue or set of issues has been recently authoritatively decided; or

(3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

Local Rule of the Fifth Circuit 34.2 further provides that "[o]ral argument shall be allowed in all cases except those unanimously determined by a three-judge panel of the Court to fall in one of the three categories specified by FRAP 34(a). Those cases will be placed on the summary calendar for decision without oral argument." Although this case was initially scheduled for oral argument, prior thereto the oral argument panel after due consideration unanimously came to the conclusion that oral argument would not be of significant benefit in the decisional process of this case because the facts and appropriate legal arguments were fully contained in the briefs and the record of this case. Accordingly, the case was removed from the oral argument docket and decided after a conference of the members of the panel. We note, moreover that the conference provides the opportunity for the members of the panel to engage in a more thorough discussion of a case in a collegial atmosphere; in contrast, our round-robin summary calendar process does not involve this level of interaction among the members of the panel.

In light of the language of Fed.R.App. 34(a) and Local R. 34.2 giving an oral argu-

ment panel the discretion to disallow the right to oral argument where the facts and legal arguments are fully addressed in the briefs and record and oral argument would not significantly aid the decisional process in the case, the court is of the opinion that the Appellant has not demonstrated that this appeal was resolved contrary to the IOP of this court.