**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carlos SANTIAGO–GONZALEZ,**
**Defendant-Appellant.**

**No. 86–1955.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 19, 1987.

Decided April 13, 1987.*

Opinion April 24, 1987.

Ronald G. Draper, Chicago, Ill., for defendant-appellant.

Julian Solotorovsky, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

Several weeks ago a panel of this court fined attorney Ronald G. Draper $500 for failing to respond to several of the court's orders. *United States v. Stillwell*, 810 F.2d 135 (7th Cir.1987) (per curiam). We are presented with another incident similar to the behavior evident in *Stillwell*; consequently, we suspend him from further practice in this court.

The brief in this criminal appeal was originally due on July 21, 1986. On August 13, having received no brief, we ordered Mr. Draper, defendant's appointed counsel, to show cause why we should not discipline him for his failure to file a brief. Mr. Draper responded and we issued a new briefing schedule. The brief was to be filed by September 16. It was not filed. On October 6, we again ordered Mr. Draper to explain why he should not be disciplined. In Mr. Draper's response, he stated that he would file the brief by November 17. We discharged the rule to show cause but admonished Mr. Draper that we would expect him to comply with this court's orders in the future. Mr. Draper did not file the brief. Instead, on December 18, he sent the court a letter asking for guidance because his entire file on this case was allegedly stolen from his car. A member of the court's staff advised him twice by telephone that he should file a motion for extension of time and fully explain his situation. Mr. Draper promised to file such a motion but did not do so until we issued yet another rule to show cause on January 12, 1987.

Mr. Draper's motion and his response to the rule to show cause explain that his file for this case was stolen from his car in November and that he was involved in January with the retrial of a death penalty case in state court. However, this explanation does not justify Mr. Draper's repeated failure to comply with one of our simpler rules: if a brief cannot be timely filed, counsel must file a motion for extension of time at least five days before the brief's due date, or as soon thereafter as possible.

---

* This opinion was initially released in typescript form because of the need to appoint new counsel for the defendant immediately.

7th Cir.R. 26. Mr. Draper has missed three due dates in this case. Not once did he file a motion informing us why the brief could not be timely filed; instead, we had to repeatedly prod him by issuing rules to show cause. Meanwhile, Mr. Santiago-Gonzalez is in prison; he was sentenced nine months ago to a three-year sentence and has yet to file his opening brief.

We expect lawyers representing defendants in criminal actions to comply with our rules concerning timely filing of briefs. *See United States v. Ford,* 806 F.2d 769, 770 (7th Cir.1986) (per curiam); *United States v. Gerrity,* 804 F.2d 1330, 1331 (7th Cir.1986) (per curiam). The stakes in criminal appeals are high. If a conviction is reversed, delay in the appellate process has irreparably harmed the defendant. *United States v. Bush,* 797 F.2d 536, 538 (7th Cir.1986) (per curiam). Society also has an interest in achieving finality in a criminal case.[1]

Attorneys must inform the court of significant developments that may affect our consideration or scheduling of a case. *See Stillwell,* 810 F.2d at 136. If attorneys cannot meet a due date for filing documents, they must file a timely motion explaining the delay. Failure to do so manifests disrespect for the court and may adversely affect the party's cases. Mr. Draper's inaction in this case is clear evidence that he is unwilling to practice law in accordance with the court's rules.

In *Stillwell* we set forth the criteria for disciplining attorneys:

> The sanctions imposed in each case should be carefully tailored to the circumstances of the particular situation. We must protect the litigants and possible future clients from further misfeasance. We may legitimately consider the deterrent effect which our action will have within the bar. Finally, we must consider the effect of the sanction on the individual lawyer involved. Appropriate corrective action ought to require the lawyer to reassess the manner in which he or she is fulfilling professional obligations and afford, when appropriate, an opportunity for reform. We must also remember that state bar officials have great responsibilities in this area and have a right to expect our cooperation. Often, they are in a far better position to assess the overall professional performance of the attorney.

*Id.*

In this case, Mr. Draper's conduct requires that we suspend him from the practice of law in this court. Respect for the comprehensive responsibilities of state disciplinary authorities in this area requires that we inform them of this action.

Accordingly, Mr. Draper is suspended from the practice of law before this court. New counsel will be appointed forthwith for Mr. Santiago-Gonzalez. The clerk is directed to transmit a copy of this opinion to the appropriate state disciplinary authorities and to Mr. Santiago-Gonzalez.

IT IS SO ORDERED.

---

1. For example, a pending challenge to a criminal conviction may interfere with the penological goals of rehabilitation or punishment. Comment, *The Decision to Appeal a Criminal Convic-* *tion: Bridging the Gap Between the Obligations of Trial and Appellate Counsel,* 1986 Wis.L.Rev. 399, 422 n. 17.