**In the Matter of Kevin J. MIX.**

**No. D–134.**

United States Court of Appeals, Seventh Circuit.

Submitted March 24, 1990.
Decided May 9, 1990.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

PER CURIAM.

This court appointed Kevin J. Mix under the Criminal Justice Act as counsel for Carlos Fernandez. After extended delay, Mix filed a perfunctory brief. Thereafter Mix did nothing to serve his client's interests. When we set the case for oral argument, Mix asked for a new date on the ground that he had an engagement to attend a seminar in California. Despite this court's Rule 34(b)(3) and (4), Mix had not notified the clerk of his plans, so we denied the motion. Mix told us he would present argument by phone rather than appear in person. Efforts to reach him on the morning of oral argument were unsuccessful; the number he furnished to the court was busy. We took the case under advisement without oral argument and affirmed the judgment in an unpublished order. Disappointed by the standard of performance Mix displayed, we issued an order requiring Mix to show cause why he should not be subject to discipline under Fed.R.App.P. 46(c). The order told Mix that the "court's concerns include the following:

1.  Substantial delay in ordering a transcript of the trial.

2.  Failure to prosecute the appeal in a diligent manner, including allowing deadlines to pass without motions to extend the time.

3.  Filing a brief containing a false certificate under Circuit Rule 30(c). Mix certified that the appendix contained all of the district court's opinions and oral explanations. Mix attached no such opinions or explanations; the prosecutor found and furnished to the court one written opinion and several oral explanations on matters in dispute. Because a false Rule 30(c) certificate may lead to summary affirmance, *United States v. White*, 888 F.2d 490, 495–96 (7th Cir.1989); *Mortell v. Mortell Co.*, 887 F.2d 1322, 1327 (7th Cir.1989), the delict is serious.

4.  What appears to be the abandonment of Fernandez after the opening brief. Mix did not file a reply brief. After the case was set for oral argument, Mix filed a motion to postpone. When this was denied, Mix elected to present argument by telephone rather than cancelling plans that conflicted with the argument. At the time of oral argument, however, Mix's phone was busy. The court then took the case under advisement without oral argument. Mix thus rendered no assistance of any kind to his client after filing the opening brief."

Mix filed an answer waiving his right to a hearing under Rule 46(c).

■ When a court requires a lawyer to work against his will (Mix asked to be relieved; we denied the request) in a criminal case in which Congress has authorized hourly rates well below those the attorney could obtain in his private practice, it has a special obligation to see to it that counsel gives at least "the college try". Our considered judgment is that Mix did the least he thought he could get away with and that discipline is appropriate to demonstrate to Mix and other members of our bar that lackadaisical work on CJA appointments is not acceptable. *United States v. Gerrity*, 804 F.2d 1330 (7th Cir.1986); *United States v. Bush*, 797 F.2d 536 (7th Cir.1986).

: ::

■ Mix's brief was late, perfunctory, and included a false Rule 30(c) certificate, which could have led to summary affirmance. *United States v. White*, 888 F.2d 490, 495–96 (7th Cir.1989). All Mix has to say about this is that he checked out the record, was told that it was complete, and used it to compile the appendix to the brief. Unfortunately for Mix, the record he checked out has an opinion in it—which the prosecutor's brief reproduced. Mix also had the full transcript, containing the judge's oral opinions, which Rule 30(a) requires an appellant to include in the brief.

His brief was late in three senses. First, Mix let the initial deadline for filing the brief pass without producing either a brief or a request for additional time. Second, there was delay in ordering a transcript, which postponed the filing of the brief for many additional months. Third, Mix waited two months after receiving the long-delayed transcript to file a brief. The first and third of these are Mix's responsibility. The second is ambiguous. Mix says he thought that furnishing an "Information Sheet" to the court reporter (in June 1988) was sufficient, despite the fact that the sheet is only an order and that counsel must arrange for payment, which in this case meant supplying a voucher under the CJA. If Mix thought that the sheet was a substitute for payment he paid little attention to the form or the rules, creating delay at least potentially detrimental to his client. According to Mix the court reporter promised delivery despite the absence of a voucher but did nothing; lulling messages from the court reporter led Mix to think a voucher unnecessary. Almost ten months passed; Mix secured six extensions of time to file the brief, each time filing an identical affidavit concerning the status of his order for a transcript. It is apparent from the identity of the affidavits that Mix did nothing to light a fire under the court reporter or seek an order from the court. Meanwhile his client was languishing in prison. Once the court reporter insisted on a voucher for payment during March 1989, Mix says, judges and clerks gave him the run-around in getting one signed, accounting for additional delay.

Mix's explanation for his inability to argue the case also casts doubt on the amount of care devoted to the litigation. After disregarding Circuit Rule 34(b)(3), he arranged to argue by telephone from California rather than to reschedule his seminar. His explanation for the busy signal at the time of argument is that a member of his family knocked the phone off the hook so that the line was busy. Once a phone has been off the hook for a while, it makes a loud and unpleasant sound. Mix also could have tested the line when the time for argument arrived without a call from this court.

Without passing judgment on the adequacy of Mix's explanations for the delay in ordering the transcript, the court believes that a public censure is an appropriate sanction for (a) letting deadlines pass without motions for extension; (b) the false Rule 30(c) certificate; (c) the poor quality of the brief, and (d) neglect to take precautions necessary to ensure that the court could reach him by phone. Mix is accordingly censured for poor professional judgment and performance in the discharge of his duties to his client Carlos Fernandez.