4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary T. BROOKMAN, Plaintiff-Appellant
v.
Lloyd M. BENTSEN,** Secretary of the Treasury,
Defendant-Appellee.
 No. 92-2063.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.*
Decided Aug. 27, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Following a bench trial, the district court found that the Internal Revenue Service discharged Gary T. Brookman from his position as a revenue agent trainee due to unsatisfactory performance, based on evidence that the court characterized as "overwhelming." The court concluded that Brookman, 47 years old at the time of his discharge, had failed to present a prima facie case of age discrimination under 29 U.S.C. Sec. 621 et seq.[1] R. 40. The court entered judgment in favor of the defendant and dismissed Brookman's action. R. 41.
 
 
 2
 Brookman has appealed to this court. Although his brief is difficult to decipher, he is apparently challenging the district court's findings of fact.[2] The standard of review for such a challenge is whether or not the district court's findings are clearly erroneous. Nemmers v. United States, 870 F.2d 426, 429 (7th Cir.1989).
 
 
 3
 As the defendant points out, the record on appeal does not contain the transcript of the bench trial. We are therefore unable to conduct any sort of meaningful review of the trial court's findings. Throughout his main brief and his reply brief, Brookman cites to a volume of exhibits that he filed along with his main brief. The volume contains what purport to be exhibits from the trial, though none of them are part of the record on appeal. It is therefore inappropriate to rely on them for factual support in this appeal. Circuit Rule 28(d)(2); Holmberg v. Baxter Healthcare Corp., 901 F.2d 1387, 1392 n. 4 (7th Cir.1990). Brookman insists that he can rely on any of the evidence admitted at trial, even if it is not in the record on appeal. Reply Br. 2-3. This is incorrect, as Rule 10(b)(2) of the Federal Rules of Appellate Procedure makes clear: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."
 
 
 4
 Alternatively, Brookman argues that he effectively complied with Rule 10(b) because he timely filed a trial transcript order form, yet the district court never responded to his request. Reply Br. 4. Brookman cites a document titled "Seventh Circuit Transcript Information Sheet" in his volume of exhibits that he claims shows that he filed the order form, but this document is not in the record on appeal. Moreover, even if we were to consider it, it indicates on its face that Brookman had made no payment as of that time. Under Rule 10(b)(4), "[a]t the time of ordering, a party must make satisfactory arrangements with the reporter for payment of the cost of the transcript." See also In re Mix, 901 F.2d 1431, 1433 (7th Cir.1990) (per curiam) (noting that the information sheet "is only an order and ... counsel must arrange for payment" of the transcript). The document Brookman cited therefore fails to show that he complied with Rule 10(b).
 
 
 5
 Given the absence of evidence from the trial, we cannot ascertain whether the district court's findings are clearly erroneous. We therefore affirm the district court's findings. See Fed.R.App.P. 3(a); Wilson v. Electro Marine Systems, Inc., 915 F.2d 1110, 1117 (7th Cir.1990); Fisher v. Krajewski, 873 F.2d 1057, 1060-61 (7th Cir.1989).
 
 
 6
 We also conclude that the district court's legal conclusions are valid. In order to prevail on an age discrimination claim, the plaintiff must prove, among other things, that his job performance was meeting the employer's legitimate expectations. United States Equal Employment Opportunity Comm'n v. Century Broadcasting Corp., 957 F.2d 1446, 1450 (7th Cir.1992). As previously explained, we accept the district court's findings, which include a finding that Brookman was performing unsatisfactorily. Thus, Brookman clearly failed to establish a necessary element of his age discrimination claim.
 
 
 7
 Because we cannot conclude that the district court's factual findings are clearly erroneous, and because the conclusions of law are correct based on those findings, we affirm the district court's judgment dismissing Brookman's claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Lloyd M. Bentsen is substituted for his predecessor, Nicholas F. Brady, as Secretary of the Treasury. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Alternatively, the court concluded that, even if Brookman had established a prima facie case, the defendant had met its burden by coming forward with a legitimate reason for the discharge that was not pretextual
 
 
 [2]
 Brookman's brief argument concerning the Civil Rights Act of 1991, 42 U.S.C. Sec. 2000 et seq., is irrelevant to this appeal because Brookman sued under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-34. R. 1