**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Adetoro ADENIJI, Defendant–
Appellant.**

**No. 97–2541.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 26, 1999.

Decided May 28, 1999.

Opinion June 11, 1999.

Patrick S. Layng (submitted), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellee.

Marianne Hannigan (submitted), Belleville, IL, for Defendant–Appellant.

POSNER, Chief Judge, in chambers.

Counsel for the appellant filed a motion to waive oral argument on the following grounds, which are set forth with great brevity (the motion is less than half a page long): that she has accepted a job in East St. Louis which she is to start on (or shortly before—it is unclear from the motion) June 9, the date set for the oral argument; that she is a solo practitioner with a severe case of gout; and that her office is not in Chicago. The motion was referred to me in accordance with an uncodified operating procedure of this court under which a motion to waive argument is referred to the presiding judge of the panel before which the case is to be argued. If the judge is minded to grant the motion, he or she refers the question to the other judges on the panel, since argument will not be denied if at least one judge wants to hear it. But if minded to deny the motion, the presiding judge will deny it without further ado, since in that case no purpose would be served by reference to the panel; by definition it is a case in which at least one judge wants to hear argument. I denied the motion in this case with the notation that an opinion explaining the denial would follow, in light of the frequency of motions by counsel for criminal defendants to waive argument.

The framework for analysis is provided by Rule 34 of the Federal Rules of Appellate Procedure, which governs oral argument and provides that, unless both parties agree to the waiver, Fed. R. App. P. 34(f), oral argument "must be allowed" unless a three-judge panel unanimously agrees that "the appeal is frivolous," or that "the dispositive issue or issues have been authoritatively decided," or that "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R.App. P. 34(a)(2); *Glick v. Koenig*, 766 F.2d 265, 270 n. 3 (7th Cir.1985); *United States v. Salinas–Garza*, 811 F.2d 272 (5th Cir. 1987) (per curiam); 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3980, p. 596 (3d ed.1999).

Oddly, it is uncertain whether the requirement of unanimous determination by a three-judge panel that oral argument is unnecessary for one or more of the reasons set forth in Rule 34(a)(2) is applicable only when a party desires oral argument, or in every case. The rule says that argument must be *allowed* unless the conditions in the rule are satisfied, not that it must be *held* unless they are satisfied, though the Wright and Miller treatise assumes that the latter is intended. *Id.*, p. 596. I incline to the former view, while emphasizing that even if a party can thus waive argument for any reason (or no reason), still, as is explicit in Rule 34(f), any member of the panel who thinks argument would be helpful can reject the waiver. Moreover, the criteria of Rule 34(a)(2) are relevant to identifying cases in which argument is indeed unlikely to be helpful—and no mention of them is made in the motion of the appellant's counsel in this case. Not only are the three grounds that she advances unrelated to those criteria, but as a matter of logic they imply completely different relief. If counsel has a conflicting engagement, that is an argument for asking us to reschedule the argument. See Fed. R.App. P. 34(b). If she is unable for physical or other reasons to appear at a court hearing in Chicago, she can ask our leave to participate in the hearing by speakerphone.

The casual renouncement of oral argument is apt to be a serious fault of advocacy in a criminal case involving heavy punishment. This is such a case. The appellant was sentenced to more than 10 years in prison; and parole has been abolished in the federal system. Although it is conceivable that his appeal would not be assisted by argument, no representation

to that effect is made by his counsel, so that her action in seeking to waive oral argument comes close to an abandonment of the client and may therefore be sanctionable. *In re Mix*, 901 F.2d 1431, 1432 (7th Cir.1990) (per curiam).