In the

# United States Court of Appeals
## for the Seventh Circuit

_____

No. 21-3112

WILLIAM A. CAMACHO-VALDEZ,

*Petitioner*,

*v.*

MERRICK B. GARLAND,
Attorney General of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A201-358-408

_____

SUBMITTED FEBRUARY 18, 2022 — DECIDED APRIL 6, 2022

_____

Before SYKES, *Chief Judge*, and ROVNER and BRENNAN,
*Circuit Judges*.

SYKES, *Chief Judge*. William Camacho-Valdez, a native and
citizen of Guatemala, petitioned for review of the denial of
his applications for asylum, withholding of removal, and
relief under the Convention Against Torture. His attorney,
Daniel Thomann, filed an emergency motion for a stay of
removal along with the petition. But he did not pay the

docketing fee or submit a motion to proceed *in forma pauperis* on his client's behalf.

We issued a temporary stay and ordered the government to respond to the motion. After reviewing the government's response, we ordered Camacho-Valdez to file a supplement because the original stay motion contained little discussion of the merits of his claims. The deadline for the supplement passed, but Thomann filed nothing. Almost two weeks later, we issued an order reminding him of his obligation and gave him three more weeks to file the supplement. He missed that deadline too. After three more weeks of radio silence—more than eleven weeks after we ordered the supplement—we denied the stay motion and ordered Thomann to show cause why he should not be disciplined for failing to comply with two court orders. He responded a day late and explained that he had missed our earlier orders because the notifications on his smartphone were not working. That excuse is unacceptable.

Meanwhile, the docketing fee remains unpaid, despite multiple reminders and extensions of time. Nor has Thomann filed a proper motion seeking permission for his client to proceed *in forma pauperis*. *See* FED. R. APP. P. 24(b). We warned in our reminders and extension orders that failure to pay the fee or file an *in forma pauperis* motion would result in dismissal. Those warnings went unheeded, so we now dismiss the petition for review.

Because Thomann has repeatedly failed to comply with our orders in this case without a valid excuse, we impose a sanction of $1,000, which he must pay to the clerk of court within 30 days. Finally, Thomann's practice in this court demonstrates a disturbing pattern of neglect of his clients

and court orders. Indeed, in the past seven years, we have issued 24 show-cause orders against him in a dozen cases. Yet he has never faced consequences. In light of this history, we order Thomann to show cause within 21 days why he should not be suspended or removed from this court's bar.

## I. Background

On November 12, 2021, Camacho-Valdez, through Thomann as his attorney, petitioned for review of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. Removal was scheduled to occur that same day, so Thomann filed an emergency motion for a stay of removal with the petition. The motion stated in very general terms that the petition was likely to succeed because the immigration agency over-looked Camacho-Valdez's claim that he feared persecution based on his family membership and erroneously concluded that he could reasonably relocate within his home country. The motion also mentioned in passing that there may be grounds to reopen the agency proceedings based on ineffec-tive assistance of counsel.

We entered a temporary stay and ordered a response from the government. The government responded that Camacho-Valdez was not likely to succeed on the merits because he never argued before the immigration judge that his family membership put him in danger and the stay motion failed to identify any particular flaw in the agency's conclusion that he could safely relocate within Guatemala.

The stay motion was indeed perfunctory, with only a single, highly generalized paragraph about the substance of Camacho-Valdez's claims. Moreover, we had not yet re-

ceived the administrative record at that early point in the case. Lacking any basis on which to evaluate the propriety of a stay, we ordered Camacho-Valdez to file a supplement to the motion by December 10. We reasoned that a supplement could help us determine whether the petition for review was likely to succeed on the merits—a critical factor in determining whether a stay is appropriate. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

In addition to the shortcomings in the stay motion, Thomann neither paid the docketing fee nor filed a motion seeking permission for Camacho-Valdez to proceed *in forma pauperis* within the 14-day window specified in Circuit Rule 3(b). *See also* FED. R. APP. P. 3(e). On December 6 the clerk's office issued a notice that the fee was overdue and warned that the failure to pay it or file an *in forma pauperis* motion within 14 days would result in dismissal.

By December 21 Thomann had not filed a supplement to the stay motion, which was due on December 10. Nor had he requested an extension of time. On our own motion, we issued an order reminding him of his obligation and extending the deadline to comply to January 11, 2022. We also ordered him to advise us of the status of any motion to reopen the agency proceedings.

Weeks passed and Thomann still filed nothing: no supplement, no docketing fee, no *in forma pauperis* motion. On February 2—three weeks after the extended deadline expired—we denied the motion to stay removal. Concerned about Thomann's silence, we ordered him to show cause by February 16 why he should not be disciplined for failing to comply with the court's orders.

Thomann finally surfaced on February 17, the day after his response to the show-cause order was due. He moved for leave to file a late response and tendered his response. He also moved for a one-week extension of time to pay the docketing fee or submit a motion to proceed *in forma pauperis*.

In his response to the show-cause order, Thomann explained that he has been working from home since the beginning of the COVID-19 pandemic and has been relying on his smartphone "as the primary means of receiving phone, data, and email communication." At some point after he filed the petition for review in this case, his smartphone notifications malfunctioned, which (as he explained) "had happened in the previous years since counsel obtained his smartphone." Because his smartphone notifications were not working properly, he did not see our orders "and thus failed to respond."

We directed the clerk to file Thomann's late response to the show-cause order. We also extended the deadline to pay the docketing fee (or file an *in forma pauperis* motion) to March 1. Thomann still did not comply. On March 24—more than three weeks after the latest extension expired—he moved for another extension of time to March 28. He said he had discussed an *in forma pauperis* motion with his client and prepared an affidavit, but he "needs the facility [where Camacho-Valdez is detained] to return a signed copy." We granted the request and again extended the deadline, this time to March 28. Thomann again did not comply. On March 30 he sought leave to file a late motion for *in forma pauperis* status. He explained that he had not received his client's signed affidavit and subsequently learned that his

client had been removed to Guatemala. He submitted a boilerplate *in forma pauperis* motion but no affidavit from his client.

## II. Discussion

### A. Dismissal of Petition for Review

We begin with the petition for review. The clerk of court is authorized to dismiss an appeal if the docketing fee is not paid when the case is filed or within 14 days after docketing. 7TH CIR. R. 3(b); *see also* FED. R. APP. P. 3(e) (requiring payment of all required fees when the appeal is filed). Thomann did not tender the docketing fee when he filed the petition for review on November 12, so the case was docketed without payment and the fee was due not later than November 26, 2021. By December 6 the fee remained unpaid, and no motion seeking *in forma pauperis* status had been filed. So the clerk's office notified Thomann of the overdue fee and warned that the petition would be dismissed if he failed to pay it or file a motion to proceed *in forma pauperis*. Three and a half months passed but Thomann neither paid the fee nor moved for *in forma pauperis* status. On March 24 he belatedly requested an extension of time to March 28, which we granted.

To date the fee remains unpaid. On March 30—two days after the much-extended deadline—Thomann submitted a motion for leave to file a late *in forma pauperis* motion and tendered a boilerplate motion but no affidavit from Camacho-Valdez. The motion does not comply with the requirements of Rule 24(b), which requires an affidavit from the litigant about his financial status (among other infor-

mation). Accordingly, we dismiss the petition for review pursuant to Circuit Rule 3(b).

### B. Sanctions

We now turn to Thomann's response to our order to show cause. Under Rule 46 of the Federal Rules of Appellate Procedure, we may suspend, disbar, or discipline a member of our bar "for conduct unbecoming a member of the bar." FED. R. APP. P. 46(b), (c). This standard is obviously quite general. The Supreme Court has broadly construed it to mean "conduct contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts[] or conduct inimical to the administration of justice." *In re Snyder*, 472 U.S. 634, 645 (1985).

Sanctions decisions "should be carefully tailored to the circumstances of the particular situation." *United States v. Stillwell*, 810 F.2d 135, 136 (7th Cir. 1987). A number of factors are relevant, including our duty to protect litigants and the court from counsel's neglect or misfeasance, the need to deter counsel and other attorneys from engaging in similar conduct, and the effect of the sanction on the lawyer involved. *Id.*; *see also Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 825 (7th Cir. 2019) (explaining the special need for sanctions when counsel's unbecoming conduct affects other litigants or misleads the court).

In his response to the show-cause order, Thomann offers no reasonable excuse to justify his neglect of this case. He asserts that he was unaware of our orders to file a supplement to the stay motion because his smartphone's email notifications were not working properly. He says that he has fixed his phone and now regularly checks the court docket.

Thomann's explanation is unacceptable. No reasonable lawyer relies on smartphone notifications to monitor email communications or as a substitute for regularly checking the court docket. That's true in any case, but Thomann's carelessness is particularly disturbing here because Camacho-Valdez was detained and facing imminent removal. *See In re Riggs*, 240 F.3d 668, 671 (7th Cir. 2001) (disbarring an attorney and emphasizing that the "[a]bandonment of one's (imprisoned) client in a criminal case is one of the most serious offenses a lawyer can commit"); *United States v. Santiago-Gonzalez*, 816 F.2d 336, 337 (7th Cir. 1987) (suspending an attorney and highlighting the seriousness of missing deadlines without requesting extensions while her client was incarcerated). It was urgently necessary for Thomann to keep up to date on his client's case with more diligence than waiting for smartphone email notifications. Because he did not comply with our orders, we lacked sufficient information to evaluate the stay motion and therefore denied it.

Beyond his inexcusable disregard of our orders to supplement the stay motion, Thomann failed to pay the docketing fee or submit a proper motion to proceed *in forma pauperis*—despite several reminders and warnings about the consequences of failing to satisfy one of these requirements. As a result, he left us no choice but to dismiss the petition for review. In the meantime, without a stay of removal, Camacho-Valdez was indeed removed.

Thomann's indifference to his basic responsibilities in this case demonstrates that he has not fulfilled his professional duties to his client or the court. Sanctions are amply justified—indeed, they are a necessary response to Thomann's abandonment of his client and also as a deter-

rent. *See United States v. Song,* 902 F.2d 609, 610 (7th Cir. 1990); *Stillwell,* 810 F.2d at 136. We therefore order Thomann to pay a fine of $1,000 to the clerk of court within 30 days of this decision.

## C. New Order to Show Cause

Thomann's misconduct in this case is not isolated. On the contrary, in the past seven years, we have issued 24 show-cause orders against him in 12 cases for similar disregard of court orders and basic professional duties.[1] In each case Thomann's clients were immigrants vulnerable to removal, and he offered flimsy excuses for neglecting their cases. He never faced consequences, however, because he eventually responded to our show-cause order—often, however, only after a second or third—and we permitted the cases to proceed.

More serious consequences are now clearly necessary to address Thomann's pattern of neglecting his professional responsibilities, especially considering the particular vulnerability of the clients he routinely represents. For seven years

---

[1] More precisely, in the past seven years, we have issued 24 show-cause orders against Thomann in 12 cases involving 15 petitions for review, three of which were consolidated with earlier petitions relating to the same client. *Camacho-Valdez v. Garland*, No. 21-3112 (ECF No. 11); *Mejia v. Garland*, No. 21-2088 (ECF Nos. 16, 17, 18); *Jurek v. Garland*, No. 21-2082 (ECF No. 7); *Cuenca Brito v. Garland*, No. 21-1278 (ECF No. 12); *Casas v. Garland*, No. 20-1739 (ECF Nos. 21, 22, 25, 37); *Mabuneza v. Garland*, Nos. 20-1799 & 20-2998 (ECF Nos. 10, 23, 25); *Ferreyra v. Barr*, Nos. 18-3021 & 19-2055 (ECF Nos. 16, 30, 31); *Umrani v. Barr*, No. 18-1229 (ECF Nos. 9, 10); *Galindo-Olaguez v. Sessions*, No. 18-1113 (ECF Nos. 9, 10); *Cortina-Chavez v. Sessions*, No. 17-2116 (ECF No. 7); *Yusev v. Sessions*, Nos. 16-1338 & 16-2242 (ECF Nos. 9, 18); *Delgado-Arteaga v. Sessions*, No. 16-1816 (ECF No. 13).

he has persisted in a course of conduct unbecoming a member of the bar of this court. Accordingly, we order Thomann to show cause within 21 days of this decision why he should not be suspended or removed from our bar. FED. R. APP. P. 46(b).

### III. Conclusion

In sum, we dismiss the petition for review for failure to pay the docketing fee or file a motion to proceed *in forma pauperis* that complies with Rule 24(b). We reject Thomann's explanation for his repeated failure to comply with court orders in this case and impose a fine in the amount of $1,000 as a sanction pursuant to Rule 46(c). Payment is due to the clerk of court within 30 days of this decision. Finally, Thomann is ordered to show cause why he should not be suspended or removed from the bar of this court pursuant to Rule 46(b) for failing to discharge his obligations to his clients and the court in the cases we have identified above. His response is due within 21 days of this decision.

The clerk of court shall forward a copy of this opinion, which serves as a public reprimand, to the Attorney Registration and Disciplinary Commission of the Illinois Supreme Court for any action it deems appropriate.

PETITION DISMISSED, SANCTION IMPOSED, AND NEW ORDER TO SHOW CAUSE ISSUED